**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| **v.** | §     **CRIMINAL NO. 4:13CR201-SDJ/KPJ** |
| | § |
| **STEVEN JONATHAN ANDERSON** | § |
| | § |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 9, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Stevan Buys.

On October 9, 2014, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of sixty (60) months imprisonment followed by a five (5) year term of supervised release for the violation of 18 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

On January 15, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 53). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not unlawfully possess a controlled substance; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall report to the probation officer as instructed; and (4) Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged, including taking any mental health medication as prescribed by the treating physician. *See* Dkt. 53.

1

The Petition asserts Defendant violated these conditions because: (1) On December 10, 2018, Defendant verbally admitted to using marijuana on or before December 1, 2018; (2) On February 28, 2019, Defendant submitted a urine specimen that tested positive for amphetamine, methamphetamine, oxazepam, temazepam, and marijuana. The specimen was confirmed positive by Alere Laboratories, Inc.; (3) On March 19, 2019, and April 3, 2019, Defendant submitted urine specimens that tested positive for marijuana. The specimens were confirmed positive by Alere Laboratories, Inc; (4) On April 30, 2019, Defendant submitted a urine specimen that tested positive for amphetamine, methamphetamine, and marijuana. The specimen was confirmed positive by Alere Laboratories, Inc.; (5) On May 21, 2019, Defendant submitted a urine specimen that tested positive for amphetamine, methamphetamine, marijuana, and A-Hydroxyalprazolam. The specimen was confirmed positive by Alere Laboratories, Inc.; (6) Defendant did not submit a monthly report in May 2019, before the fifth of the month; and (7) On April 19, 2019, Defendant was unsuccessfully discharged from mental health treatment for failure to participate in treatment as directed.

At the hearing on September 9, 2019, Defendant entered a plea of true to violation of allegations one through four (1–4). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the September 9, 2019 hearing and for the reasons stated on the record, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, to be served concurrently with the sentence imposed in Case Number

4:18-CR-035, with a term of forty-eight (48) months supervised release to follow. In addition to the conditions previously entered and stated on the record, the Court recommends that Defendant participate in an inpatient drug treatment program until discharged upon release from custody. Further, Defendant shall refrain from consuming any alcohol while on supervised release. The Court further recommends Defendant be placed in the custody of FCI Fort Worth, if appropriate.

**So ORDERED and SIGNED this 16th day of September, 2019.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE